MATTER OF BUN

In Visa Petition Proceedings

A-17288881

*Decided by Regional Commissioner September 6, 1967*

An approved visa petition according third preference classification as an engineer to beneficiary who after entry intends to work part time in another field in order to support his family while he is taking graduate work in his professional field, may be revalidated pursuant to 8 CFR 205.1(c) where he intends to engage in his professional field in the United States upon obtaining an advanced degree in that field.

This case comes forward on appeal from the decision of the District Director, San Francisco, who on August 10, 1967, denied the request for revalidation of petition previously approved for preference classification under section 203(a)(3) of the Immigration and Nationality Act on the ground that the petitioner no longer intended to engage in the occupation of engineer for which the petition had originally been approved.

The petition for preference classification under section 203(a)(3) of the Act was originally filed on December 9, 1966 by the petitioner in his own behalf on the basis of his occupation as an "engineer". He presented evidence of four years study at the Budapest Politechnical University in the field of engineering and the award of an "Engineer's Diploma" on October 26, 1944 and evidence of employment as a consulting engineer on a contract basis in the field of civil and electrical engineering for the period from 1958 to 1964 in Brazil, South America.

The Service found his occupation to be that of a civil engineer. When the petition was originally filed on December 9, 1966, it was accompanied by Form ES–575A, "Statement of Qualifications of Alien", and pursuant to section 212(a)(14) of the Act bore the certification of the Secretary of Labor dated June 10, 1966.

8 CFR 204.4 provides: "The approval of a petition to classify an alien as a preference immigrant under section 203(a)(3) or (6) of the Act shall remain valid for a period of one year from the date of any

765

individual certification issued by the Secretary of Labor pursuant to section 212(a) (14) of the Act; if a blanket certification has been issued covering the alien's profession or occupation, the approval shall remain valid for a period of one year from the date of approval."

At the time the petition was filed and the certification was issued by the Secretary of Labor, the occupation of "civil engineer" was not contained in the list of occupations under Group II, Schedule A of 29 CFR 60 for which the Department of Labor had granted a "blanket" certification and an individual certification as obtained was required. The petition was thereafter approved on April 10, 1967, with validity of the approval to expire on June 10, 1967, one year from the Secretary of Labor's certification. The petitioner now seeks revalidation of the petition. (Effective as of December 23, 1966 the Department of Labor (31 Fed. Reg. 16412) added the occupation of civil engineer to their list of occupations in 29 CFR 60, *supra*.)

8 CFR 205.1(c) provides for the revalidation of a petition previously approved for classification of preference under section 203(a) (3) of the Act if the petitioner/beneficiary is currently eligible for the classification.

The District Director in his denial of the request for revalidation states:

The petition was approved for third preference classification on the basis of your statements in the petition that you are an engineer by profession and intend to engage in that profession in the United States, and documentary evidence submitted to establish your professional qualifications as an engineer. You have now informed this office in writing, under date of July 31, 1967, that you intend to engage in the occupation of management consultant and investment banker in the United States. Since this is not the profession or occupation for which the petition was approved, the petition may not be revalidated.

On appeal petitioner stated in part:

I am an Engineer and my Third Preference claim is based on this professional status. This is backed by my Engineer's Diploma and fourteen years of professional activity in engineering.

It is my endeavor to reenter the activity of engineering in the U.S. after a thorough up-dating of my knowledge and capability for which purpose I have sought and obtained admittance as a Graduate Student at Stanford University.

Since I am married and have three children, eventual assistantship or scholarship funds appear insufficient for my subsistence during the time required to obtain my advanced degree. This is the only reason for which I envision the investment banking profession, which may be exercised by me on a part-time basis during this period, thus enabling me to provide for my own and my family's subsistence.

The petitioner intends to follow the engineering profession. He still has the academic preparation and experience qualifications on which his original petition was approved. He now wants to do graduate work

at Stanford University to advance his engineering knowledge and to improve himself in the engineering field. While attending graduate school he still must support himself and family and will seek temporary employment as a management consultant and investment broker. His intention to continue in the engineering field is established by the fact that he has presented a letter from the Office of Graduate Admission, Stanford University, dated April 12, 1967 showing admission to the Graduate Division for work in the Department of Electrical Engineering for the fall term of 1967 for work towards a Master's degree. It should be noted that this letter from the University is dated April 12, 1967 which was before his request for revalidation dated July 31, 1967 and before the date of the District Director's denial on August 10, 1967.

In the *Matter of S—*, Int. Dec. No. 1627, it is stated: "The phrase 'for purpose of performing' in section 212(a)(14) clearly indicates that an immigrant alien within the contemplation of section 212(a)(14) must establish a bona fide intention to engage immediately or in the foreseeable future in his profession or a related field."; and "Since an applicant for a visa under section 203(a)(3) may be a member of a profession for which a license, or even citizenship, may be a prerequisite before he may engage in his professional endeavor, we do not read into the statutes or regulations a requirement that the applicant must be able to engage in the qualifying profession immediately, if admitted to the United States. It is sufficient if he can show a bona fide purpose or intent to work in the United States in his qualifying endeavor. In determining whether the alien intends to engage in his profession or in a field related thereto, consideration may be given to factors such as whether he is presently so employed and, if not, the length of time he has not been so employed and the reason therefor. Consideration may also be given to the alien's own declaration regarding his intended employment."

His intention to engage in the field of his academic preparation has been established. He was originally found qualified as a civil engineer on the basis of his undergraduate work and experience in civil and electrical engineering. Electrical engineering is certainly in a field related to civil engineering. Both civil engineering and electrical engineering are occupations listed in Group II, Schedule A of 29 CFR 60 and covered by the blanket certification of the Secretary of Labor. Considering all the facts in the case, it must be found that the petitioner is eligible for the revalidation of his previously approved petition. The appeal will be sustained.

ORDER: It is ordered that the appeal be sustained and revalidation granted.

767